UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**GLENDA A. TRIVETT**

                    **Plaintiff,**

**-vs-**                                                    **Case No.  5:10-cv-337-Oc-GJK**

**MICHAEL J. ASTRUE, Commissioner of**
**Social Security,**

                    **Defendant.**
_____

## MEMORANDUM OF DECISION[1]

Glenda A. Trivett (the "Claimant") appeals to the District Court from a final decision of the

Commissioner of Social Security (the "Commissioner") denying her applications for benefits.  Doc.

No. 1.  For the reasons set forth herein, the Commissioner's decision is **REVERSED and**

**REMANDED pursuant to sentence four of 42 U.S.C. §405(g).**

### I.     BACKGROUND.

Claimant was born on August 20, 1968, and was forty-one (41) years old at the time the ALJ's

latest decision was issued.  R. 28, 46, 139, 611.  Claimant has a tenth grade education but obtained

a GED in 1989 or 1990 and has past relevant work experience as a certified nurse's assistant, retail

clerk, fast food worker, and cashier.  R. 37, 184-88, 612-13, 624-25. On January 14, 2005, Claimant

protectively filed applications for disability insurance benefits and supplemental security income

alleging an onset of disability as of March 31, 2003 due to anxiety attacks, bone and joint pain, low

_____

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge.
(Docs. 16 & 17.)

back pain radiating to both legs, severe muscle spasms and insomnia.  R. 162-66, 193-95, 204, 205.[2]

The instant appeal focuses on the ALJ's determination that Plaintiff did not have any severe mental

impairments.

Beginning in March 2002 through November 2007, the record is replete with diagnoses and

treatment for depression, anxiety and panic attacks by Dr. Chi-Kwong Ng and physicians at Seven

Rivers Community Hospital Emergency Room ("Seven Rivers").  *See* R. 433 (March 6, 2002: Dr.

Ng's assessment included depression and anxiety,  prescribed Welbutrin); R. 432 (April 2, 2002: Dr.

Ng noted Plaintiff was "very depressed", assessment included depression and anxiety, and prescribed

Pamelor); R. 431 (April 30, 2002: Dr. Ng noted depression is "much better", assessment included

depression and anxiety); R. 353-56 (April 1, 2003: presented at Seven Rivers with chest pressure/knot

in her throat, diagnosed with panic attack, and prescribed Ativan as needed for anxiety); R. 430 (June

10, 2003: Dr. Ng's assessment included depression and anxiety, prescribed Ativan and Pamelor); R.

428 (July 15, 2003: Dr. Ng noted that panic attacks were better, assessment included anxiety and

prescribed Ativan); R. 427 (July 31, 2003: Dr. Ng's assessment included anxiety); R. 329-30 (August

5, 2003: presented at Seven Rivers with face and chest burning, very anxious and upset, diagnosed

with panic attack, and prescribed Pamelor and Ativan); R. 426 (August 15, 2003: Dr. Ng's assessment

included anxiety, prescribed Pamelor and Ativan); R. 425 (September 12, 2003: Dr. Ng's assessment

included anxiety, prescribed Pamelor and Ativan); R. 424 (October 13, 2003: Dr. Ng's assessment

included anxiety, discontinued Pamelor and reduced Ativan dosage); R. 316-18, 321 (November 6,

2003: presented at Seven Rivers and was diagnosed with cervical spasm and anxiety disorder); R. 423

---

[2] Claimant's SSI application and exhibits related to her SSI application are not included in the record.  R. 7.

(November 4, 2003: Dr. Ng noted increased depression, assessment included depression and anxiety);
R. 422 (November 11, 2003: Dr. Ng's assessment included anxiety and depression, prescribed Paxil);
R. 421 (December 11, 2003: Dr. Ng noted Plaintiff had panic attack, assessment included anxiety and
depression, prescribed Paxil); R. 420 (January 20, 2004: Dr. Ng noted that Plaintiff was depressed,
assessment included depression and anxiety); R. 419 (March 9, 2004: Dr. Ng's assessment included
anxiety and depression, prescribed Paxil); R. 418 (April 1, 2004: Dr. Ng's assessment included
depression); R. 417 (June 7, 2004: Dr. Ng noted increased depression, assessment included depression
and prescribed Paxil); R. 416 (July 6, 2004: Dr. Ng's assessment included depression, prescribed
Paxil); R. 415 (August 3, 2004: Dr. Ng's assessment included depression, prescribed Pamelor); R. 414
(September 9, 2004: Dr. Ng's assessment included depression, noted that due to side effects, Effexor
was discontinued); R. 413 (September 29, 2004: Dr. Ng noted that Plaintiff had anxiety attack,
assessment included anxiety); R.  284-86 (October 17, 2004: presented at Seven Rivers, primary
assessment of anxiety); R. 267 (October 30, 2004: presented at Seven Rivers, assessment included
anxiety); R. 410 (February 17, 2005: Dr. Ng's assessment included depression); R. 508 (March 31,
2005: Dr. Ng's assessment included depression and anxiety, prescribed Ativan); R. 507 (May 16,
2005: Plaintiff reported panic attack and posttraumatic stress, Dr. Ng's assessment included
depression and anxiety, prescribed Ativan); R. 506 (November 9, 2005: Dr. Ng's assessment included
depression and anxiety, Lexapro and Ativan were prescribed per Dr. Abraham); R. 505 (January 19,
2006: Dr. Ng's assessment included anxiety/depression); R. 504 (February 27, 2006: Dr. Ng's
assessment included anxiety/depression); R. 503 (September 7, 2006: Dr. Ng's assessment included
anxiety and depression, prescribed Klonopin); R. 502 (October 5, 2006: Dr. Ng's assessment included

depression and anxiety, prescribed Klonopin); R. 501 (November 2, 2006: Dr.Ng's assessment included depression and anxiety, prescribed Klonopin); R. 500 (December 1, 2006: Dr. Ng's assessment included depression and anxiety, prescribed Klonopin); R. 499 (January 5, 2007: Dr. Ng's assessment included depression and anxiety, prescribed Klonopin); R. 498 (Dr. Ng's assessment included depression and anxiety, prescribed Klonopin); R. 520 (October 1, 2007: Dr. Ng's assessment included depression and anxiety); and R. 519 (November 19, 2007: Dr. Ng's assessment included depression and anxiety).

From June 2005 through September 2005, Plaintiff was treated by psychiatrist, Dr. Gerald M. Abraham for depression NOS, PTSD, anxiety, and panic attacks. R. 224, 226, 469-71. In the August 13, 2005 office note, it was recorded that Claimant was moody and had social anxiety. R. 469. In the September 10, 2005 office note, it was recorded that Claimant had been crying for three weeks, was forgetful and had short term memory loss. R. 469. During this period, Dr. Abraham prescribed Celexa, Ativan and Klonopin. R. 224, 469-70.

On April 19, 2005, Colleen D. Character, Ph.D., a consultative examining psychologist, conducted an independent mental status evaluation of Claimant. R. 442-46. In addition to her interview, Dr. Character noted that she reviewed only "a Case Development Progress Note dated March 7, 2005 and a Short Stay Summary dated May 23, 2004 from Seven Rivers Medical Center." R. 442. Claimant reported that she was depressed about everything (R. 445); that she was under the care of Dr. Ng who managed her psychotropic medications (R. 444); and that she has been prescribed Paxil, Xanax, Palomar, and Ativan but that she currently was taking Lorcet, Norflex, and Ativan. R. 444. Dr. Character noted that while reports and records reviewed showed that Claimant presented

with anxiety and panic attacks, she did not mention those in her evaluation.  R. 445.  Dr. Character's diagnostic impression was: (Rule Out) Depression, Mild; (Rule Out) Anxiety Disorder, NOS; Pain Disorder Associated with both Psychological Factors and a General Medical Condition.

Two non-examining consulting psychologists conducted a records review and reached differing opinions regarding Claimant's functional limitations.  On May 9, 2005, Steven Wise, Psy.D. completed a Psychiatric Review Technique Form ("PRTF") and found that Claimant's "mild depression" and "some HX of anxiety disorder, ruleout currently" caused only mild functional limitations.  R. 455-68. On September 19, 2005, A. Alvarez-Mullin, M.D. completed a PRTF and concluded that Claimant's depressive disorder secondary to pain, mild,  anxiety disorder, NOS, and pain disorder associated with both psychological factors and a general medical condition, imposed mild restrictions of activities of daily living, mild difficulties maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace.  R. 472-85. Dr. Alvarez-Mullin also completed a Mental Residual Functional Capacity Assessment and opined that Claimant was moderately limited in her ability to: understand and remember detailed instructions; carry out detailed instructions; maintain attention and concentration for extended periods; complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods; interact appropriately with the general public; and set realistic goals or make plans independently of others. R. 486-88.  Dr. Alvarez- Mullin specifically noted that these opinions were supported by Dr. Abraham's diagnoses and treatment notes.  R. 484.

Since filing her applications over six years ago, three hearings have been conducted and three unfavorable decisions have been issued finding that Plaintiff was not disabled.   The first ALJ to hear this case, ALJ Franklin D. Holder, found on two separate occasions -- on April 5, 2007 and, following the first Appeals Council remand, on March 25, 2008 -- that Claimant had severe mental impairments of a mild depressive disorder, an anxiety disorder with a panic disorder, and a somatoform disorder with both psychological factors and a general medical condition, that she was limited to sedentary work with some additional limitations, that although she could not perform her past relevant work, she could perform other work in the national economy, and thus, she was not disabled.  R. 14-30, 89-103.  Claimant appealed ALJ Holder's March 25, 2008 decision to this Court.  *See Trivett v. Astrue*, Case No. 5:09-cv-12-Oc-GRJ (M.D. Fla. Oct. 6, 2009), Doc. No. 1.  The Commissioner agreed to a voluntary remand of the case and on October 6, 2009, United States Magistrate Judge, Gary R. Jones issued an Order reversing and remanding Claimant's case to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g) with instructions to "properly discuss and evaluate the medical evidence concerning all of Plaintiff's mental and physical impairments."  R. 549-55.  On November 24, 2009, the Appeals Council issued an Order vacating the Commissioner's decision and remanding the case to a different ALJ.  R. 559-62.

On April 22, 2010, after another hearing, ALJ Apolo Garcia issued a third decision finding Claimant not disabled.  R. 539-48.  Unlike the two earlier decisions, and despite explicit direction from this Court to properly consider the medical evidence concerning Plaintiff's mental impairments, ALJ Garcia found that Plaintiff had no severe mental impairments stating:

> The record shows that the claimant has alleged significant depression
> and was prescribed psychotropic medication to treat it.  However,

according to Dr. Character's impression, mild depression was to be ruled out. It was noted that the claimant did not mention anxiety or panic attacks. The claimant appeared to have a social support network. [ ] Also, Dr. Wise, a State Agency psychologist, expressed his opinion that the claimant's depression was not a severe impairment. He opined that the claimant had only mild limitations with activities of daily living, social functioning, and with concentration, persistence and pace. There were no episodes of decompensation. He opined that the evidence supported that the claimant had only mild depression. [ ] The undersigned finds that these opinions are consistent and supported by the objective psychological evidence. It is noted that the claimant has not undergone continuous treatment from a psychologist or psychiatrist for her alleged mental condition. Accordingly, the undersigned finds that the claimant's depression is a non- severe impairment.

The undersigned gives little weight to Dr. Alvarez-Mullin's opinion in Exhibit 13 and 14F. His opinion is not consistent with the objective psychological findings as a whole or with Dr. Character's opinion who was an examining psychologist.

R. 545-46.

The ALJ then found that Claimant did not have an impairment or a combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). R. 546. Next, the ALJ found that Claimant retained the residual functional capacity ("RFC") to perform light work with some postural and environmental limitations. R. 546. At step four, relying upon testimony from the vocational expert ("VE") the ALJ determined Claimant was capable of performing her past relevant work as an EKG Technician and Fast Food Worker. R. 548. Thus, the ALJ concluded that Claimant had not been under a disability within the meaning of the Social Security Act from March 30, 2003 through the date of the decision. R. 548. Following the ALJ's decision,

Claimant filed a Request for Review by the Appeals Council, which was denied.   Accordingly, the ALJ's April 22, 2010 decision was the final decision of the Commissioner.   On July 26, 2010, Claimant timely filed her Complaint with this Court.  Doc. No. 1.

## II.   THE PARTIES' POSITIONS.

Claimant argues that the ALJ's finding at step two, that Claimant does not have any severe mental impairment, is not supported by substantial evidence for two reasons.  First, Claimant contends that the ALJ did not make any findings regarding the severity of Claimant's well-documented anxiety and panic attacks.  Second, Claimant argues that the opinions of Dr. Character and Dr. Wise do not constitute substantial evidence to support the ALJ's finding that Claimant's depression was not severe.  Claimant raises other arguments on appeal, however, because the Court reverses and remands on this first issue, it need not address those other arguments.[3]  Claimant requests a remand for an award of benefits or, alternatively, a remand for further consideration.  Doc. No. 23 at 25.

In response, the Commissioner maintains that substantial evidence supports the ALJ's finding that Claimant's mental impairments are not severe.  Doc. No. 25 at 5-11.  The Commissioner asserts that the ALJ properly relied on the opinions of Dr. Character and Dr. Wise and properly discredited the opinion of Dr. Alvarez-Mullin.  Doc. No. 25 at 5-11.

---

[3] Claimant also contends that the ALJ: 1) failed to comply with the required technique for analyzing mental impairments found at 20 C.F.R. § 404.1520a; and 2) erred in finding that Claimant retains the residual functional capacity to perform her past relevant work as an EKG technician and fast food worker.  Doc. 25 at 15-19.

### III.    LEGAL STANDARDS.

### A.    THE ALJ'S FIVE-STEP DISABILITY ANALYSIS.

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled. *See* 20 CFR §§ 404.1520(a), 416.920(a).  In *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), the Eleventh Circuit explained the five-step sequential evaluation process as follows:

> In order to receive disability benefits, the claimant must prove at step one that he is not undertaking substantial gainful activity. At step two, the claimant must prove that he is suffering from a severe impairment or combination of impairments. At step three, if the claimant proves that his impairment meets one of the listed impairments found in Appendix 1, he will be considered disabled without consideration of age, education, and work experience. If the claimant cannot prove the existence of a listed impairment, he must prove at step four that his impairment prevents him from performing his past relevant work. At the fifth step, the regulations direct the Commissioner to consider the claimant's residual functional capacity, age, education, and past work experience to determine whether the claimant can perform other work besides his past relevant work.

*Id*. (citations omitted).  The steps are followed in order.  If it is determined that the claimant is not disabled at a step of the evaluation process, the evaluation will not go on to the next step.

### B.    THE STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (*citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord*, *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord*, *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004).

## C. REMEDIES.

Congress has empowered the District Court to reverse the decision of the Commissioner without remanding the cause. 42 U.S.C. § 405(g)(Sentence Four). To remand under sentence four, the District Court must either find that the Commissioner's decision applied the incorrect law, fails to provide the court with sufficient reasoning to determine whether the proper law was applied, or is not supported by substantial evidence. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (reversal and remand appropriate where ALJ failed to apply correct law or the ALJ failed to provide sufficient reasoning to determine where proper legal analysis was conducted) (citing

*Cornelius v. Sullivan*, 936 F.2d 1143, 1146 (11th Cir. 1991); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)); *Jackson v. Chater*, 99 F.3d 1086, 1090-91 (11th Cir. 1996) (remand appropriate where ALJ failed to develop a full and fair record of claimant's RFC); *accord Brenem v. Harris*, 621 F.2d 688, 690 (5th Cir. 1980) (remand appropriate where record was insufficient to affirm, but also was insufficient for District Court to find claimant disabled).

This Court may reverse the decision of the Commissioner and order an award of disability benefits where the Commissioner has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt. *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993); *accord, Bowen v. Heckler*, 748 F.2d 629, 631, 636-37 (11th Cir. 1984). A claimant may also be entitled to an immediate award of benefits where the claimant has suffered an injustice, *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982), or where the ALJ has erred and the record lacks substantial evidence supporting the conclusion of no disability, *Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985).   The District Court may remand a case to the Commissioner for a rehearing under sentences four or six of 42 U.S.C. § 405(g); or under both sentences. *Jackson*, 99 F.3d at 1089-92, 1095, 1098.   Where the District Court cannot discern the basis for the Commissioner's decision, a sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his decision. *Falcon v. Heckler*, 732 F.2d 827, 829 - 30 (11th Cir. 1984) (remand was appropriate to allow ALJ to explain his basis for determining that claimant's depression did not significantly affect her ability to work).[1]

---

[1] On remand under sentence four, the ALJ should review the case on a complete record, including any new material evidence. *Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand ALJ required to consider psychiatric report tendered to Appeals Council); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) (on remand ALJ required to consider the need for orthopedic evaluation). After a sentence-four remand, the District Court enters a final and appealable judgment immediately,

### IV.    ANALYSIS.

As set forth above, the Claimant contends that the ALJ erred at step two by finding that her mental impairments were not severe.  At the second step, the ALJ must "consider the medical severity of [the claimant's] impairments."  *Wind v. Barnhart*, 133 Fed.Appx. 684, 690 (11th Cir. 2005) (*quoting Phillips v. Barnhart*, 357 F.3d. 1232, 1237 (11th Cir. 2004). In doing so, the ALJ must determine whether the impairments, alone or in combination, "significantly limit" the claimant's "physical or mental ability to do basic work skills." *Id*.  This is a threshold inquiry and only claims based on the most trivial impairments are rejected. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Id.*  A diagnosis is insufficient; instead, Claimant must show the effect of the impairment on her ability to work.  *Wind*, 133 Fed.Appx. at 690 (quoting *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).

Here, while noting that Claimant has "alleged significant depression and was prescribed psychotropic medication to treat it," the ALJ, nonetheless, concluded that Claimant's depression is a "non-severe impairment." R. 545-46.  In support of this finding, the ALJ relied upon the opinions of consultative examining psychologist, Dr. Character, and non-examining psychologist, Dr. Wise, and accorded "little weight" to the opinion of non-examining psychologist, Dr. Alvarez-Mullin.  R. 545-46.

---

and then loses jurisdiction. *Jackson*, 99 F.3d at 1089, 1095.

As an initial matter, the ALJ failed to make any findings regarding the severity of Claimant's anxiety and panic attacks. *See Vega v. Comm'r*, 265 F.3d 1214, 1219 (11th Cir. 2001) (ALJ must consider impact of diagnosed conditions on ability to work). In papers filed with the Social Security Administration, Claimant referenced her anxiety and panic attacks for which she takes Ativan; that she cannot handle stress due to her panic attacks; that her anxiety attacks occur 4 to 5 times per week, can be caused by anything and are made worse by "people, stress, driving, shopping, noise etc."; and that when she has an attack she "can't move, [ is ] short of breath, can't be around anybody and [she] feel[s] like [she is] dying." (R. 108, 193, 202, 203, 204, 205, 208, 211, 218, 230). Claimant also testified at the most recent hearing that she has been treated for anxiety and depression since 2002, has frequent panic attacks and has been diagnosed with post traumatic stress disorder. R. 603, 616. Claimant testified that she has short-term memory loss, concentration problems and cries frequently. R. 604, 610, 616-17. Moreover, the medical records from Seven Rivers, Dr. Ng and Dr. Abraham show that from March 2002 through November 2007, Claimant was diagnosed and treated repeatedly for anxiety and panic attacks. R. 267, 284-86, 316-18, 321, 329-30, 353-56, 413, 419, 420, 421, 422, 423, 424, 425, 426, 427, 428, 430, 431, 432, 433, 469, 470, 498, 499, 500, 501, 502, 503, 504, 505, 506, 507, 508, 519, 520. Based on the evidence Claimant presented regarding anxiety and panic attacks and the impact they have on her, the ALJ was required to weigh that evidence and make a finding regarding the severity of those impairments and what impact, if any, they have on Claimant's ability to work. *See Vega*, 265 F.3d at 1219 (remand is required where an ALJ fails to consider properly a claimant's condition despite evidence in the record of the diagnosis).

Moreover, the opinions of Dr. Character and Dr. Wise do not constitute substantial evidence to support the ALJ's finding that Claimant's depression was not a severe impairment. Dr. Character evaluated Claimant on April 19, 2005. R. 442-46. Dr. Character's diagnostic impression was: "(Rule Out) Depression, Mild; (Rule Out) Anxiety Disorder, NOS; Pain Disorder Associated with both Psychological Factors and a General Medical Condition." R. 446. Contrary to the ALJ's contention, this diagnostic impression does not support his conclusion that Claimant's mental impairments are so trivial that they should be rejected at step two. First, the fact that Dr. Character concluded that Claimant's depression and anxiety were to be "ruled out" does not mean that Claimant does not have these impairments; rather, it means that more investigation must be done. R. 545. Second, the ALJ failed to even acknowledge Dr. Character's diagnostic impression that Plaintiff also had a Pain Disorder Associated with both Psychological Factors and a General Medical Condition.[2] Moreover, Dr. Character's observation that Claimant "appeared to have a social support network" does not constitute substantial medical evidence to support the ALJ's finding. R. 545.

Turning next to Dr. Wise, he opined that Claimant's "mild depression" and "some HX of anxiety disorder, ruleout currently" cause only mild functional limitations. R. 455-68. However, even if the ALJ properly accorded greater weight to the opinion of Dr. Wise than to the opinion of the other non-examining physician, Dr. Alvarez-Mullin, Dr. Wise's opinion, taken alone, does not constitute substantial evidence to support the ALJ's decision. R. 455-67. *Spencer ex rel. Spencer v. Heckler*,

---

[2]   With respect to this diagnosis, "both psychological factors and a general medical condition are judged to have important roles in the onset, severity, exacerbation, or maintenance of the pain." *White v. Astrue*, No. CV 09-05814 RZ, 2010 WL 1329667, at *2 (C.D. Cal. April 5, 2010)(quoting American Psychiatric Association,  Diagnostic and Statistical Manual of Mental Disorders, 4th ed. 1994 (DSMI-IV) at 458.

765 F.2d 1090, 1094 (11th Cir. 1985)(opinions of non-examining physicians do not constitute substantial evidence when standing alone).

Finally, the ALJ relied on the opinions of Dr. Character and Dr. Wise even though the record shows that these psychologists did not have the opportunity to review all of the relevant medical records prior to rendering their opinions.   Based on Dr. Character's report (R. 442), she did not review the extensive records from Seven Rivers Regional Medical Center or from Dr. Ng -- which confirmed Claimant's repeated treatment for depression, panic attacks and anxiety.   Moreover, neither Dr. Character nor Dr. Wise had the opportunity to review the subsequent treatment records from Dr. Abraham -- who diagnosed Claimant with depression NOS, PTSD, anxiety, and panic attacks; recorded that Claimant had short term memory loss; and prescribed psychotropic medications. R. 224, 226, 469-71.[3]   While the Commissioner argues that nothing in the records from Seven Rivers Regional Medical Center, Dr. Ng or Dr. Abraham would have changed the opinions of Dr. Character or Dr. Wise, the Court cannot speculate as to how those doctors would have evaluated the evidence. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (a reviewing court "may not decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner.")

For these reasons, the ALJ's conclusion that Claimant does not have any severe mental impairment is not supported by substantial evidence. Accordingly, reversal is required.[4]

---

[3] While the ALJ discussed Dr. Abraham's treatment notes, he did not mention Dr. Abraham by name, nor did he acknowledge that Dr. Abraham was a treating physician. R. 544. Claimant, however, does not challenge the weight accorded to Dr. Abraham as a treating physician.

[4] Claimant's remaining arguments focus on whether the ALJ complied with the required technique for analyzing mental impairments found at 20 C.F.R. § 404.1520a and whether the ALJ's finding that Claimant retains the residual functional capacity to perform her past relevant work as an EKG technician and fast food worker is based on substantial evidence.  Because remand is required on one issue raised in the case, it is unnecessary to review the other objections to the ALJ's decision.

Claimant has requested remand for an award of benefits.  Given the long history of this case and the ALJ's failure to properly consider Claimant's mental impairments, despite clear direction from this Court to do so, the undersigned seriously considered remanding for an award of benefits. Nonetheless, after careful consideration, the Court declines to do so, because based on this record, the cumulative effect of the evidence does not establish disability without any doubt and Claimant has not demonstrated that she has suffered an injustice.  *See Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (award of benefits appropriate where evidence establishes disability beyond a doubt); *Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982) (award of benefits appropriate where Claimant has suffered an injustice).[5]  However, this matter has been pending for more than six years and the Claimant is entitled to have her claims properly resolved.  On remand, the Commissioner should carefully reconsider whether Claimant's mental impairments are severe and what impact they have on Claimant's ability to work.

## V.      CONCLUSION.

As set forth above, because the ALJ erred in finding that Claimant had no severe mental impairments, the final decision of the Commissioner must be reversed pursuant to sentence four of Section 405(g).  Accordingly, it is hereby ORDERED that:

---

*Freese v. Astrue*, No.8:06-cv-1839-T-EAJ, 2008 WL 1777722, at *3 (April 18, 2008 M.D. Fla)(citing *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991)).  Accordingly, the Court finds it unnecessary to address Claimant's remaining arguments.

[5]  Although the record now presented does not appear to contain any substantial evidence contradicting Claimant's contention that she suffers from a mental impairment, the impact that impairment has on her ability to perform basic work activities has not been established beyond any doubt.

1. The final decision of the Commissioner is REVERSED and REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for a new hearing and decision which complies with the provision of this order; and

2.       The Clerk is directed to enter judgment in favor of the Claimant and close the case.

DONE and ORDERED in Orlando, Florida on August 29, 2011.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests the Clerk
Mail or Deliver Copies of this order to:

Leon Menas Boyajan, Esq.
Law Office of Leon M. Boyajan II, PA
2302 W. Highway 44
Inverness, FL 34453

Sarah Harriet Bohr
Bohr& Harrington, LLC
2337 Seminole Road
Atlantic Beach, FL 32233

John F. Rudy, III
U.S. Attorney's Office
Suite 3200
400 N. Tampa St.
Tampa, Florida 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
Susan Kelm Story, Branch Chief
Christopher G. Harris, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia  30303-8920

The Honorable Apolo Garcia
Administrative Law Judge
c/o Office of Disability Adjudication and Review
Suite 300
3505 Lake Lynda Dr.
Orlando, FL 32817-9801